IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R. WAYNE JOHNSON, <br> (a/k/a Ronald Wayne Johnson), <br> (TDCJ-CID #00282756) <br> Plaintiff, <br><br> vs. <br><br> RYAN PATRICK, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION H-18-2211 <br> § <br> § <br> § <br> § |

**MEMORANDUM ON DISMISSAL**

R. Wayne Johnson, a Texas Department of Criminal Justice inmate, sued in June 2018, alleging civil rights violations resulting from a denial of due process. Johnson has neither paid the filing fee nor sought leave to proceed as a pauper. From his litigation history, the Court presumes that Johnson seeks leave to proceed as a pauper. Johnson, proceeding pro se, sues United States Attorneys Ryan Patrick, Mary Mitchell, Jose Vela, and Leslie Fisher, and John Doe United States Attorneys 1-15.

The threshold issue is whether Johnson's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**I.    Plaintiff's Allegations**

Johnson asserts that the defendants violated his civil rights in relation to a lawsuit he filed, Civil Action No. 5:18-0039. Johnson originally filed the lawsuit in state court, and it was removed to the United States District Court for the Southern District of Texas, Laredo Division. In that suit, Johnson complained of the invasion of his privacy due to an illegal use of his Social Security

number. In that lawsuit, defendants have moved to dismiss on the grounds that the complaint is barred by the three-strikes provision of 28 U.S.C. § 1915(g). In this action, Johnson claims that he is entitled to restitution under the Crime Victims Restitution Act. He claims that he is a crime victim and entitled to $8 million in restitution.

## II. Analysis

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Johnson's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing this action, he had at least one lawsuit and two appeals dismissed as frivolous. *Johnson v. Whatley*, 02-40760 (dismissed as frivolous on June 24, 2003)(5th Cir.); *Johnson v. Ruiz*, 4:03cv1310 (dismissed as frivolous on April 23, 2003)(S.D. Tex.); and *Johnson v. Tepper*, 02-51232 (dismissed as frivolous on March 31, 2003)(5th Cir.).

In the present case, Johnson has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Johnson is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.

## III. Conclusion

Johnson's constructive motion to proceed as a pauper, (Docket Entry No. 1), is DENIED. The complaint filed by R. Wayne Johnson, (TDCJ-ID #00282756), is DISMISSED under 28 U.S.C.

§ 1915(g).[1] All pending motions are DENIED. Johnson is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711 Fax: 512-936-2159; and

(2) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on June 29, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.